# IN THE COURT OF APPEALS OF IOWA

No. 21-0904
Filed August 31, 2022

**BRIAN R. EVANS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Scott County, Mark R. Lawson,

Judge.

        A convicted sex offender appeals the district court's denial of his sex

offender registry modification, alleging an abuse of discretion by the district court.

**AFFIRMED**.

        Philip B. Mears of Mears Law Office, Iowa City, for appellant.

        Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant

Attorney General, for appellee.

        Considered by Schumacher, P.J., Ahlers, JJ., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2022).

**SCHUMACHER, Presiding Judge.**

Brian Evans appeals the district court's denial of his application to modify his sex offender registration requirements, alleging an abuse of discretion. Though categorized as low risk to reoffend, the court viewed Evans as a present public safety risk to children, an exercise of discretion that we do not view as clearly untenable or clearly unreasonable. Finding that the district court did not abuse its discretion, we affirm.

## I.     Background Facts & Proceedings

Evans was employed as a para-educator in Rock Island, Illinois, when he sent inappropriate text messages to a ten-year-old student. The child's parents discovered the messages and contacted the police. Evans was criminally charged, and he pled guilty in 2013 in Illinois to indecent solicitation of a child. He was sentenced in December 2013 to 120 days in jail and thirty-months probation. Illinois revoked his teaching license; his Iowa teaching license has not been renewed. Evans lives in Iowa and is a registered sex offender both in Iowa and Illinois. In Iowa, Evans is registered as a Tier III sex offender. Both states require that Evans register as a sex offender for ten years. At the time of hearing, Evans had about two-and-a-half years remaining on his registry requirement; his Iowa registration requirement expires on December 27, 2023. Evans discharged his probation on June 30, 2016.

Evans petitioned to eliminate his registration requirement under Iowa Code section 692A.128 (2020). In part, he sought relief of the registration requirements so he could spend unencumbered time with his children, ages twelve and

fourteen.[1]  He highlighted his desire to have his children's friends spend time at his home.  He also wished to attend events at his children's schools.

The district court denied Evans's modification request.  The court initially viewed factors favoring modification, including Evans's compliance with the registry rules, his stable employment, and family life.  The district court concluded Evans posed a low risk to reoffend.

But the court also highlighted reasons against granting Evans's modification request:

> There is some measure of community protection afforded by having him remain on the sex offender registry for another two and one-half years.  It provides notice of his status to persons–and particularly the parents of children–whom he might come across.  He need not register for life.  While ten years is a long time, there is an end in sight.  He will be much closer to the "very low risk" category on the Static-99R by the time his Iowa registration obligations terminate.  The victim's mother strenuously objects.  Registration provides some comfort to the victim's family.  In many ways, since the applicant lives and works in Iowa, an Iowa registration requirement provides more protection than does the requirement that he register in Illinois.

The court noted:

> His attorney argued that one reason he wants to be relieved of his registration requirements is so he can supervise sleepovers for his children's friends.  The [c]ourt has to ask: isn't this exactly the type of information that parents should have available in determining whether to place the applicant in charge of their children?  A change in registration requirements would not enhance public safety for these children.

(Footnote omitted).

---

[1] The district court order stated that Evans's attorney argued that Evans desired to host sleepovers for his children's friends.  The record reflects that Evans wanted to be able to have his children's friends at his home, but does not contain the word "sleepovers."

The court concluded that "while the applicant is a low risk to reoffend, there is nevertheless a substantial benefit to public safety in continuing the applicant's registration requirement." Evans appeals.

## II.  Standard of Review

Iowa Code section 692A.128 provides that the district court may consider modification of the sex offender registration obligation if certain statutory criteria are met.[2]  *Fortune v. State*, 957 N.W.2d 696, 705 (Iowa 2021).  This threshold determination is reviewed for correction of errors at law.  *Id.*

> If the applicant meets the threshold statutory requirements, the district court proceeds to the second step, namely, determining, in its discretion, whether the registration requirements should be modified.  In this second step, the district court should consider the statutory factors and any other factors that the district court finds relevant to the modification issue.  This second-step determination is reviewable on appeal for abuse of discretion.

*Id.*  A court abuses its discretion if it "fails to consider a relevant factor, or considers an improper or irrelevant factor, on the question of whether the ongoing risks of danger from the sex offender justifies continuation of the registration requirements."  *Id.* at 707.

## III.  Analysis

Evans appeals the district court's denial of his modification application.  As the State acknowledges that Evans established the statutory threshold

---

[2] Such criteria include the successful completion of sex offender treatment programs and the completion of risk assessments classifying the offender as a low risk to reoffend.  *See* Iowa Code § 692A.128(2)(b), (c).

requirements, we focus on whether the district court abused its discretion in denying the application.[3] *See id.* at 703.

A district court may choose to grant a modification when "the applicant is at low risk to reoffend and there is no substantial benefit to public safety in extending the registration requirements." *Id.* at 706. "'[L]ow risk' does not mean *no risk*" and "[t]he threat to public safety must be tied to the individual applicant and the record established in each case." *Id.* "[T]he district court must take care to ensure that public safety, and not punishment, provides the lens through which facts are evaluated." *Id.* at 707.

In this expanding body of case law, our court has only had a few opportunities to apply the framework set out in *Fortune.* Two cases in particular dealt with the second prong in the modification analysis in depth once the initial threshold was met: *State v. Larvick* and *State v. Oltrogge.*

In *State v. Larvick*, the petitioner opposed the district court's public safety rationale because he insisted it relied on irrelevant factors. No. 20-1273, 2022 WL 610361, at *2–3 (Iowa Ct. App. Mar. 2, 2022). For instance, he argued the district court focused on his previous sexual abuse of his daughter, not his good behavior. *Id.* But this court disagreed, determining there was an exercise of proper discretion. *Id.* at *4. In particular, we highlighted concerns about Larvick

---

[3] We agree the threshold matters were met. Of particular note was the Seventh Judicial District Department of Correctional Services' risk assessment. The assessment provided three test scores from (1) the STATIC-99R, (2) Iowa Sex Offender Risk Assessment ("ISORA"), and (3) STABLE 2007. Evans was determined to be low risk on two of the assessments and average risk on one of the assessments.

engaging in a pattern of behavior very similar to the one that underpinned his original conviction. *Id.* at *3-4. We noted:

> The fact that the district court had safety concerns for a specific person in addition to the public in general does not constitute an abuse of discretion. The younger daughter is a member of the public. As the goal of sex-offender-registration requirements is to ensure public safety, that goal is advanced by protecting all members of the public, which includes Larvick's younger daughter.

*Id.* at *4.

In *State v. Oltrogge*, our court remanded with instructions for an order granting Oltrogge's application for modification based on the district court's reliance on impermissible factors, such as Oltrogge's recent move to Texas and, in particular, the brutal nature of his offense. No. 21-0776, 2022 WL 2824774, at *5–6 (Iowa Ct. App. July 20, 2022). This court also found that several of the district court's reasons were not supported by evidence, including Oltrogge's level of remorse and the district court's refusal to believe Oltrogge's uncontroverted affidavit suggesting the success he's attained post-release. *Id.* at *4. Without consideration of the irrelevant and improper facts, there were no factors left in the record that supported denying the modification. *Id.* at *5.

While factually distinct from both cases, we believe this case more closely resembles *Larvick*. Similar to that case, the district court highlighted concerns about Evans interacting with a distinctly vulnerable group: in *Larvick,* it was the offender's daughter; here it is Evans's children and their friends. Just as we found in *Larvick*, we reiterate that a focus on the safety of a subset of the general population is not an abuse of discretion. *See* 2022 WL 610361, at *4. Notably, and unlike *Oltrogge*, the court's focus was on public safety.

And, contrary to Evans's complaints, the court's focus on the benefit of notice to parents of children does not eviscerate sex-offenders' ability to modify the terms of their registry. Persons who commit any of the multitude of offenses enumerated in section 692A.102 are required to register; only some of those offenses relate to crimes committed against minors. Informing local parents about sex offenders whose offense relates to children promotes the safety of that particularly vulnerable group of the community. Moreover, courts may properly consider the offender's underlying offense when it relates to "increased risk based upon what appears to be repeated patterns of behavior." *Fortune*, 957 N.W.2d at 709. The district court properly considered factors relevant to the public's safety.

## IV.    Conclusion

We affirm the district court, finding that the determination that Evans was a present public safety risk to children was not untenable or clearly unreasonable. We affirm the denial of the petition for modification of the registry requirements.

**AFFIRMED.**